UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No.: 1:23-cv-00867 |
| $42,995.00 UNITED STATES CURRENCY, | ) ) ) |
| Defendant. | ) |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

**NATURE OF THE CLAIM**

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. §§ 881 and 18 U.S.C. 981(a), seeking forfeiture of the Defendant property based on violations of 21 U.S.C. § 801 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil action commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the

forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888 (j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

**DEFENDANT**

5. The Defendant is forty-two thousand, nine hundred and ninety-five dollars in United States Currency ("$42,995.00," or "Defendant Property") (Asset Identification Number 20-CBP-000838).

**FACTS**

6. On March 4, 2020, officers with the Homeland Security Investigation Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub based in Indianapolis, Indiana.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it is common for smugglers and individuals involved in controlled substance trafficking to transport illegal controlled substances and their proceeds through shipping companies. Shipping companies are advantageous to the smugglers because they provide the benefits of faster delivery, predictable delivery dates, package tracking, and delivery confirmation. Because of the

commonality of this practice, task force officers are trained to identify indicators of suspicious packages. Suspicious packages are typically sent via overnight priority shipping and paid for with cash. Smugglers will often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (e.g., Texas, Arizona, California) draw suspicions, as do parcels sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. The use of excessive tape and layers of packaging is an attempt to undermine detection by narcotic detection canines by masking or preventing the odor of controlled substances from emitting from the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons with the cash or monetary instrument – narcotics traffickers rarely include any type of instructions with the proceeds.

8. During the course of operation, a package being shipped by a parcel service with a shipping label attached reflecting a tracking number of 3908-3203-5650 ("Parcel 5650" or the "Package"), was identified as suspicious. Parcel 5650 was addressed to Phil Meginness, 26022 Tarragon Street, Hayward, CA 94544, with no phone number listed. The sender was identified as Douglas Wallace, 1411 Annpolas Way, San Jose, CA 95128, with phone number XXX-XXX-4923.

9. Parcel 5650 drew the attention of officers and was deemed suspicious for several reasons. First, Parcel 5650 was a newly bought box with heavy extra external tape on the seams. Parcel 5650 was sent using priority overnight delivery, was paid for with cash, and no telephone number was listed for the receiver. The address on the shipping label showed the parcel was being sent from California but actually originated in Connecticut. The parcel was sent from Douglas Wallace, 1411 Annpolas Way, San Jose, California to Phil Meginness, 26022 Tarragon

3

Street, Hayward, California a distance of only about 25 miles. The parcel was from an individual to an individual. The parcel was from a residence to a residence. The parcel was being shipped to a source state (California).

10. A certified drug detection canine, handled by an IMPD officer, inspected Parcel 5650 and other packages. The drug detection canine indicated there was a controlled substance odor emitting from Parcel 5650. The drug detection canine has been certified for over three years and has been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine.

11. IMPD officers applied for a search warrant to inspect Parcel 5650 based on the suspicious nature of the package and the certified drug detection canine's positive indication. On March 4, 2020, a Marion County Superior Court judge granted the search warrant upon a finding of probable cause.

12. On March 4, 2020, Task Force Officers executed the search warrant and opened Parcel 5650. Upon opening parcel 5650, officers found it was a newly purchased sealed box with heavy extra external tape on the seams that contained shipping paper around a sealed shipping bag. Inside the sealed shipping bag within Parcel 5650, officers found a heat and vacuumed sealed plastic bag that contained rubber-banded stacks of cash.  As discussed in Paragraph 7 above, multi-layered packaging methods are commonly used by smugglers to attempt to mask the presence of the odor of a controlled substance.

`
`
Case 1:23-cv-00867-SEB-MG   Document 1   Filed 05/18/23   Page 5 of 9 PageID #: 5



13.     After the package was opened, officers used the certified drug detection canine to conduct a blind search on the currency. The certified drug detection canine gave a positive indication of narcotic odor, indicating that the $42,995.00 possessed the threshold-controlled substance contamination. The certified drug detection canine is trained not to detect uncontaminated currency.

14.     As there was probable cause to seize the currency for violations of federal and state-controlled substance laws, the $42,995.00 was seized and taken into custody by ISP. The currency was converted to a cashier's check number 9143717867 and remained in the custody of ISP pending the signing of a turnover order by a Marion County Superior Court judge in Indianapolis, Indiana.

15.     Federal agents and analysts conducted background research on the information

listed for the sender and receiver of Parcel 5650. It was determined that the sender Douglas Wallace does appear to be associated with the address but not with the telephone number, XXX-XXX-4923, on the shipping label. A query of law enforcement database indicates Wallace has convictions for drug-related offenses, including possession of a controlled substance, possession of marijuana for sale, manufacture/possession of a dangerous weapon, possession/purchase for sale of narcotics, and possession of concentrated cannabis.

16. The recipient, Phil Meginness does appear to be associated with the address on the shipping label. No criminal history could be located for Meginness.

17. On August 15, 2021, a Marion County Superior Court judge issued an order transferring the Defendant Property to the appropriate federal authority. *See* Marion County Superior Court, Civil Division, Cause Number 49D03-2003-MI-010288. The Defendant Property was transferred from HSI to DHS-CBP on October 4, 2021.

18. DHS-CBP sent notice to the sender and recipient on October 27, 2021, to address the matter through administrative proceedings. The notice letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for review. DHS-CBP found that the letters to both Douglas Wallace and Phil Meginness were delivered but neither have contacted DHS-CBP.

19. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/content/dam/fedex/us-united-states/services/FXF_100_Series_Rules_Tariff.pdf

### PERTINENT STATUES

20. Under 21 U.S.C. § 841 (a)(1), it shall be unlawful for any person to knowingly or

intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

21. Under 21 U.S.C. § 881 (a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act, including 21 U.S.C. § 841 (a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them. Pursuant to 21 U.S.C. § 881 (a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## **CLAIM FOR RELIEF**

22. Based on the factual allegation set forth above, the Defendant Property is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 (a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States for disposition according

to law; and that the United States be granted any relief this court deems just and proper.

                              ZACHARY A. MYERS
                              United States Attorney

                By: *s/Kelly Rota*
                      Kelly Rota
                      Assistant United States Attorney
                      Office of the United States Attorney
                      10 W Market St., Suite 2100
                      Indianapolis, IN 46204-3048
                      Telephone: (317) 226-6333
                      Fax: (317) 226-5027

## VERIFICATION

I, S/A Kevin Boyle, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 05/17/2023

Special Agent, HSI